UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| CHRISTI JOHNS | CIVIL ACTION NO. |
| VERSUS | JUDGE: |
| NEXION HEALTH AT PIERREMONT, INC., d/b/a PIERREMONT HEALTHCARE CENTER | MAGISTRATE JUDGE |

## COMPLAINT

This is a civil action initiated by Plaintiff Christi Johns against her former employer, Nexion Health at Pierremont, Inc. for employment discrimination and violations of the Family Medical Leave Act ("FMLA").

### PARTIES

Plaintiff is CHRISTI JOHNS, an African-American female domiciled in the state of Louisiana. Plaintiff is the former employee of the Defendant.

Defendant is NEXION HEALTH AT PIERREMENT, INC., a non-Louisiana business corporation domiciled in Delaware, which does business in Shreveport, Louisiana, under the name Pierremont Healthcare Center.

### JURISDICTION

This court has jurisdiction over this civil action pursuant to the provisions of 28 U.S.C. §1331. The claims asserted herein arise under the laws of the United States.

## VENUE

Venue is proper in the Western District of Louisiana as the acts and omissions giving rise to Plaintiff's claims occurred in Caddo Parish, Louisiana, one of the Parishes served by the Western District.

## STATEMENT OF FACTS

1. Plaintiff was employed by the Defendant as a Certified Nursing Assistant ("CNA").

2. Defendant employs more than 50 employees.

3. Plaintiff had been employed by Defendant full time since May 3, 2016, having worked part-time for the Defendant prior to that.

4. Plaintiff had surgery on her hand and was absent from work February 17, 2021 until April 29, 2021, for surgery and recovery.

5. Plaintiff was informed by the Defendant that her absence was covered under the Family Medical Leave Act ("FMLA") and that she would be able to return to her job position as a CNA at the conclusion of her FMLA leave.

6. Plaintiff presented a "return to work" certification from her employer upon conclusion of her FMLA leave. She was released to return to work without restrictions.

7. Plaintiff reported to work on her scheduled return- to- work day, April 30, 2021.

8. When Plaintiff reported to work, she was wearing a compression glove on her hand, as recommended by her physician. The compression glove had been recommended to reduce swelling and to prevent pain that Plaintiff might otherwise experience while using the affected hand.

9. The glove did not impede Plaintiff's ability to work. It was designed such that Plaintiff could perform her duties and so that Plaintiff could wear surgical / protective latex gloves (usually worn by medical staff) over the compression glove.

10. Upon seeing the compression glove, the Defendant's Director of Nurses and Human Resources Director told Plaintiff that she could not return to work, and they sent her home.

11. The Defendant's Director of Nurses and Human Resources Director perceived Plaintiff to have a substantial impairment of the use of her hand and refused to allow her to return to work.

12. As a result of the termination of her employment Plaintiff suffered lost wages during the period of time between termination and the date she was able to secure another position of employment.

13. Plaintiff also has a wage loss attributed to the lower pay of her current position and the higher pay she earned working for Defendant.

## COUNT I

Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654 (2006).

14. The Defendant was an "employer" subject to the terms and conditions of the Family Medical Leave Act ("FMLA"). It employed more than 50 employees within a 75-mile radius of the Plaintiff's location of employment.

15. Plaintiff was eligible for leave under the FMLA. She had been employed full time for more than one-year prior to her leave. She had a leave-qualifying health condition.

16. Alternatively, Defendant is equitably estopped from denying Plaintiff rights under the FMLA. Defendant represented to Plaintiff that it was granting her leave under the Family Medical Leave Act and that it would hold her job position until her return to work, inducing Plaintiff's reasonable reliance on that representation. Defendant then terminated Plaintiff's employment rather than restoring her to work.

17. Defendant violated the FMLA and denied Plaintiff substantive rights under the FMLA by refusing to restore Plaintiff to her position of employment upon conclusion of her FMLA leave.

18.   The FMLA requires an employer who has violated the FMLA to pay the employee lost wages, employment benefits and interest, an additional amount as liquidated damages, plus costs and attorney's fees.

19.   Plaintiff suffered wage loss because of the Defendant's violation of the FMLA. She seeks and is entitled to recover all legal and equitable relief available under the FMLA, including back pay, front pay in lieu of reinstatement, liquidated damages, costs, and attorney's fees.

## COUNT II

### Americans with Disabilities Act of 1990, 42 USC § 12101, et seq.

20.   Plaintiff has exhausted all requisite administrative remedies.

21.   The Defendant is an "employer" as that term is defined by the Americans with Disabilities Act ("ADA"). Defendant had 15 or more employees during the relevant time period.

22.   The Plaintiff is a qualified individual with a disability. Plaintiff qualifies as a protected person under the ADA because she was subjected to an act prohibited by the ADA because of a perceived physical impairment.

23.   Specifically, the Defendant regarded Plaintiff as having a significant impairment of thus use of her hand and refused to allow her to return to work and then terminated her employment because of that perception.

24.   The ADA requires an employer who has discriminated against an employee on the basis of disability to pay the employee back pay and benefits, compensatory damages, front pay in lieu of reinstatement, punitive damages, costs, and attorney's fees.

25.   Plaintiff suffered wage loss and is entitled to back pay and front pay.

4

26. Plaintiff suffered humiliation at being forced to leave the workplace and emotional distress from the abrupt and unjustified termination of her employment, entitling her to compensatory damages.

27. Defendant acted with malice and / or reckless disregard of Plaintiff's rights under the ADA and should be compelled to pay punitive damages.

28. Plaintiff also seeks reimbursement of her costs and attorney's fees.

WHEREFORE, Plaintiff prays that her complaint be deemed good and sufficient and that upon the conclusion of all due delays there be judgment in her favor and against Defendant on both counts asserted above, and awarding Plaintiff the full amount of legal and equitable relief to which she may be entitled.

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel : 318-213-4444
Fax : 318-213-4445
e-mail: pjones@dhw-law.com

By: _____
Pamela R. Jones, Bar No. 19640
ATTORNEYS FOR PLAINTIFF